
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7717 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Frank Fararo vs. Sink LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In all events "it appears that the district court lacks subject matter jurisdiction" within the meaning of Section 1447(c) and controlling case law. That being the case, Section 1447(c) goes on to mandate that "the case shall be remanded." This Court so orders. In accordance with this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | NOV 01 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 2 |
| | Copy to judge/magistrate judge. | | 10/31/2002 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK C. FARARO, individually, )
etc., et al.,                    )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )   No. 02 C 7717
                                 )
SINK LLC, etc., et al.,          )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

Sink LLC ("Sink"), Artist Colony Limited ("Artist Colony") and three individual defendants have joined in a Notice of Removal ("Notice")[1] to bring this action brought against them by a corporate and an individual plaintiff from the Circuit Court of Cook County to this federal court. Removal is sought to be grounded in the diversity of citizenship provisions spelled out in 28 U.S.C. §1332.[2] But because the removal is patently flawed in two respects, this Court sua sponte remands this action to its place of origin.

To begin with, it is long past time for any federal practitioner to be aware that the Section 1332 citizenship of a limited liability company such as Sink has nothing to do with

---

[1] Although the Notice is captioned properly, Notice ¶8 mistakenly refers to the old form of "Petition for Removal" (see also the Notice ¶4 reference to "Petitioner"). Even though the error obviously makes no difference to the outcome, counsel should take greater care.

[2] All further references to Title 28's provisions will simply take the form "Section--."



these irrelevancies described in Notice ¶7:

> Defendant Sink LLC f/k/a Artists Colony LLC is a corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina.

Instead Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a flock of Seventh Circuit cases since then have consistently taught that the only relevant states of citizenship are those of <u>all members</u> of the limited liability company, a subject on which both the Complaint and the Notice are totally silent.[3] So the Notice falls short in terms of establishing the total diversity that has been required for nearly two centuries--see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

And there is more. Although the Complaint sets out five separate counts, each of the first three containing a $74,500 ad damnum and each of the last three containing a $60,000 ad damnum, it does not at all follow that the aggregate amount in controversy necessarily satisfies the over-$75,000 floor required for diversity jurisdiction (indeed, it would seem from plaintiff's counsel's careful use of the $74,500 number that they have taken pains to stay in the state court system). With limited exceptions (none of which applies here), it remains as

---

[3] As indicated at the outset, codefendant Artist Colony has "Limited" as part of its corporate name. It is unclear whether it too might be a limited liability company, in which event what has been said in the text would apply to require a showing of the state of citizenship of each of its members as well.

2

true today as it did nearly nine decades ago that each plaintiff is the master of his, her or its complaint (The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). It will therefore not do for defendants to ascribe a legitimate effort to avoid removal as having "been made in bad faith" (Notice ¶6). Instead, if defendants were able to cure the other jurisdictional problem referred to in the preceding paragraph and wished to try another attempted removal, this Court's LR 81.2(a) might provide a potential avenue to that end.[4]

In all events "it appears that the district court lacks subject matter jurisdiction" within the meaning of Section 1447(c) and controlling caselaw. That being the case, Section 1447(c) goes on to mandate that "the case shall be remanded." This Court so orders. In accordance with this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

                                          */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: October 31, 2002

---

[4] This should not be misunderstood as any indication that any such future effort, which would have to be evaluated on its own, would necessarily pass muster.

3